IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN A JOHNSON, No. Y-26289, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) ) |
| STATE OF ILLINOIS, | ) ) ) |
| Respondent. | ) |

Case No. 19−cv–337-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Kevin A. Johnson, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center, filed this Petition pursuant to 28 U.S.C. § 2254. Johnson seeks to challenge his 2017 Illinois conviction (Saline County Circuit Court No. 2016-CF-55) on multiple grounds, including but not limited to: (1) ineffective assistance of counsel; (2) *Brady* violations; (3) insufficient evidence; (4) mental illness; and (5) due process violations.

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. After carefully reviewing the Petition, the Court concludes that it must be dismissed.[1]

---

[1] Whether the Petition has been signed in accord with Federal Rule of Civil Procedure 11 is questionable. *See* Doc. 1, p. 71). Nonetheless, because of the Court's finding regarding the ongoing nature of Johnson's criminal proceeding, the Court will not delve any further into the issue.

## Background[2]

On October 2, 2017, after a bench trial, Johnson was found guilty of three counts of criminal sexual assault of a family member under the age of 18 and two counts of aggravated criminal sexual abuse of a family member under the age of 18. On November 14, 2017, Johnson was sentenced to 34 years' imprisonment. In his Petition, Johnson admits that he is presently pursuing an appeal and that his appeal is still pending. (Doc. 1, p. 3). In addition, Saline County court records indicate that a status hearing on Johnson's "Motion for Post Conviction Relief" is set on June 26, 2019.

## Discussion

Johnson is presently pursuing an appeal and/or has a post-conviction motion pending in Saline County Circuit Court pertaining to the same conviction he seeks to challenge in this case. Because Johnson's criminal matter is clearly ongoing, his Petition must be dismissed pursuant to the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

---

[2] This information is taken from the Petition (Doc. 1) and from a review of the online court docket records for *People v. Johnson*, Saline County Case No. 2016-CF-55. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court can take judicial notice of court documents, which are public records); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (court may judicially notice public records available on government websites) (collecting cases).

The *Younger* abstention doctrine is implicated here because the ongoing proceeding is judicial in nature and involves the important state interest of adjudicating whether Johnson's conviction should be set aside. Further, there is no indication that the state proceedings would not provide Johnson with an adequate opportunity for review of any constitutional claims. Finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

## Disposition

The Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The ongoing adjudication of Johnson's criminal case leads the Court to conclude that it should abstain from intervening in this pending matter. All pending motions are **DENIED as moot**.

Should Johnson desire to appeal this Court's ruling, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons set forth above, Johnson is not entitled to relief at this time, and the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Johnson has not made "a substantial showing of the denial of a constitutional right," and a certificate of appealability shall not issue. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

Finally, the Court notes that the Petition contains information that could potentially identify the alleged minor victim. **Accordingly, out of an abundance of caution, the Court DIRECTS the Clerk of Court to seal the Petition (Doc. 1) and all exhibits thereto (Docs. 1-1 through 1-5).**

**IT IS SO ORDERED.**

**DATED:  6/17/2019**

														**NANCY J. ROSENSTENGEL**
														**Chief U.S. District Judge**